# Miller's Appeal.

1. Where an executor overpays the distributive share of a married woman out of personal estate to her husband, taking the husband's agreement to refund, he is not entitled to reimburse himself or to be paid by his co-executor out of a separate and distinct fund subsequently accruing to the estate of the wife out of the sale of real estate sold by the executors, even though the wife died without leaving issue and her husband survive her.

2. The said share of the wife is payable to the administrator of her estate; the interest of the husband therein is however liable to attachment.

APPEAL from the decree of the Orphans' Court of *York county.*

This was an appeal by William Miller, jun., administrator of the estate of Esther Miller, deceased, from the decree of the said Court, directing distribution of the proceeds of sale of certain real estate.

Martin Weiser died in 1822, and letters testamentary were, on the 5th of November of the same year, granted to his sons, John and Martin J. Weiser, whom he had appointed executors.   John never acted until after the death of Martin J. Weiser.   On the 25th July, 1823, Martin J. Weiser, the acting executor of Martin Weiser, filed his administration account, the balance on which he distributed among the heirs.   This balance consisted *of personal*

2 I

estate, of which the testator made no disposition in his will, and which descended to his children in equal shares.

On the 23d of October, 1823, William Miller, the husband of Esther Miller, *who was one of the daughters and heirs of Martin Weiser*, in consideration of the payment of $357.22 for his "dividend share of the personal estate, as far as the same is settled, of Martin Weiser, deceased," executed a release to Martin J. Weiser, as acting executor: and covenanted to refund a proportionate part of any debt or demand that might thereafter be recovered against the estate. The amount thus paid to the husband of Esther Miller, was more than her full share of the whole estate as reduced by a subsequently recovered debt. To November Term, 1832, a judgment was recovered against the estate of Martin Weiser, for $2214.26, on an administration bond, in which he was surety. The one-half of this judgment was paid by the other surety; and Martin J. Weiser paid the other half, $1107.13, for which he had not funds of the estate in hand. Some of the heirs refunded; but the husband of Esther Miller was insolvent and could not. Esther Miller died in 1829, leaving her husband and children to survive her. After the death of Martin J. Weiser, John Weiser, as surviving executor, received funds of the estate, under a provision of his will, viz:

Item—" I give unto my daughter Lydia two hundred dollars, in such way as my executors may think best; also, the square of ground in the borough of York during her life, and *at her death* the same to be sold by my executors, and the money to be divided in equal parts between her children, if she has any, otherwise be equally divided between my sons and daughters. I also give her one undivided half of my house and lot in Bottstown, in West Manchester township, York county, during her life; if no heirs, then the same be equally divided between all my sons and daughters, but said house and lot to remain in my executors' care in trust for the use before mentioned: they may at any time dispose of the same and put the money at interest or purchase other property for the use and benefit aforesaid."

Lydia died without issue, leaving her husband surviving, and the money received by the surviving executor was from the sale of the square of ground, and of a mortgage in which the proceeds of the sale of the Bottstown property were invested. *Said Esther died in 1829, before the death of Lydia, and before the Bottstown property was converted into money.*

The surviving executor of the will of Martin Weiser settled an account of this fund, on the 1st of June, 1848, exhibiting a balance of $553.85. An auditor was appointed to distribute. He awarded the share of Esther to the executrix of the will of Martin J. Weiser.

Exceptions were filed to the report of distribution, on behalf of

[Miller's Appeal.]

the administrator of the estate of Esther Miller; and on the 3d of May, 1852, the Orphans' Court confirmed the report of the auditor.

On the part of the administrator of the estate of Esther Miller, deceased, exception was filed to the overruling of the exceptions to the auditor's report, and in not awarding to him the share of Esther Miller in the fund for distribution.

*Weiser* and *Keesey*, for appellant.—In Weiser's Appeal, 6 *Harris* 423, another branch of this estate, it was decided that a release executed by the husband did not amount to a release of his wife's share of the estate. The share of the wife in the real estate was not reduced into possession by her husband, and the administrator of her estate is entitled to her share of the fund: 10 *Barr* 373. The present fund for distribution is the proceeds of real estate converted *after the death of Esther Miller*, who died before the death of Lydia; and at the death of Esther her share of this fund was *contingent*, depending on the death of Lydia without issue.

The question, however, is not who will be *eventually* entitled to the fund in question, but who is entitled to receive it from the executor? It was contended that the administrator was the person to receive it. In the case of Moyer's Appeal, 4 *Harris* 405, the husband was both debtor and creditor—the fund was *in his hands*, and the claim merged. In this case the money is in the hands of another person.

*Campbell*, for appellee.—Mrs. Miller died in 1829, and *no debts* exist against her estate. Under the Act of 1797, her husband became entitled to her whole personal estate; and if the administrator receive it, he would hold it in trust for the husband: 6 *Johns.* 117; 7 *Johns. Ch.* 247; 4 *Harris* 405, Moyer's Appeal. But as the husband has received more from the estate than the share of his wife amounted to, he should not receive any further amount. But it is sufficient to show that the *appellant* is not entitled to the money in dispute.

The opinion of the Court, filed July 25, was delivered by

BLACK, C. J.—This case is not distinguishable in principle from Weiser's Appeal, (6 *Harris* 423.) It arises on the same will, and the transaction out of which it grew is precisely similar. It was there decided that an executor who overpays the distributive share of a married woman to her husband, taking the husband's refunding bond to secure himself, is not entitled to pay himself, or to be paid by his co-executor out of a separate and distinct fund subsequently accruing to the wife, but which was not then demandable.

[Miller's Appeal.]

Did the husband receive or settle for his wife's contingent interest in the real estate, when he was paid her share of the personal property? Undoubtedly not. Assuming that he might have sold or released to the executors her claim in the land, or pledged it to make good his bond, it is enough to say that he did not do so. Her interest then was never devested during her life. She died the owner of it in law and equity. The executor is a creditor of the husband for the sum overpaid to him on the personal fund. But the debt is a personal one. It is not a lien on the wife's land.

In the present case the husband is living, and the wife is dead. The appellee is her administrator. But this can make no possible difference. If she would have been entitled to it living, her personal representative has just as good a right. Suppose it to be true that her husband is the sole distributee, and that he may ultimately receive this fund, still that is no reason why the administrator should not receive it in the first instance. The representative of the executor, who claims it over the head of Mrs. Miller's representative, is but a personal creditor of Miller. Against her he has no claim; if he has one against him, let him enforce it. The law furnishes him with effective machinery for that purpose. He can attach it in the hands of the administrator, and he, or some other creditor as honest as himself, may have done so already for aught we know. Besides, the wife may have creditors who are entitled to be paid out of this fund, in preference to her husband or his creditors.

Judgment affirmed.

LEWIS, J., dissented.